**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00811-DOC-JDE                    Date: April 21, 2026

Title: Misagh Karimi v. Nissan North America, Inc. et al

---

PRESENT: <u>THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE</u>

<table>
<tr><td align="center"><u>Karlen Dubon</u><br>Courtroom<br>Clerk</td><td align="center"><u>Not Present</u><br>Court Reporter</td></tr>
<tr><td align="center">ATTORNEYS PRESENT FOR<br>PLAINTIFF:<br>None Present</td><td align="center">ATTORNEYS PRESENT FOR<br>DEFENDANT:<br>None Present</td></tr>
</table>

---

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING THE CASE
TO THE SUPERIOR COURT OF
ORANGE COUNTY, CALIFORNIA**

Before the Court is Defendant Nissan North America, Inc.'s Notice of Removal. ("Not.") (Dkt. 1) The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After considering the moving papers and the arguments made therein, the Court **REMANDS** this case to the Superior Court of Orange County, California.

**I.        Facts**

The following facts are taken from Plaintiff Misagh Karimi's Complaint ("Compl."), Not. Ex. A. (Dkt. 1-2) Plaintiff alleges causes of action against Nissan North America, Inc. ("Defendant"). Compl. ¶¶ 2, 3.

On October 14, 2021, Plaintiff acquired a 2022 Nissan Leaf (the "Vehicle"). *Id*. ¶ 7. Plaintiff alleges defects, malfunctions, and nonconformities that substantially impair the use, value, and/or safety of the Vehicle. *Id*. ¶ 15. Plaintiff alleges that Defendant knew the defects and its legal duty, but repeatedly refused to make necessary repairs and/or provide compensation. *Id*. ¶ 19. Therefore, Plaintiff alleges Breach of Express and Implied Warranties under the Song-Beverly Act. *Id*. ¶¶ 8, 22. Additionally, Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00811-DOC-JDE                                    Date: April 21, 2026
                                                                                      Page 2

alleges violation of California Bus. & Prof Code § 17200 regarding unfair competition. *Id*. ¶ 31.

Plaintiff seeks, among others, actual damages of $37,284.31, rescission and restitution, consequential and incidental damages, and civil penalties. *Id*. at 9.

## II.        Procedural History

On February 16, 2026, Plaintiff filed their complaint with the Superior Court of the State of California County of Orange. On April 3, 2026, Defendant filed a Notice of Removal from the Orange County Superior Court to this Court ("Not.").

## III.        Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00811-DOC-JDE                          Date: April 21, 2026
                                                        Page 3

must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00811-DOC-JDE                                           Date: April 21, 2026
                                                                                                     Page 4

## IV.     Discussion

The Court agrees that the diversity of citizenship requirement between Plaintiff and Defendant is met. However, the amount in controversy requirement is not met. The Court does not consider whether Defendant's Notice of Removal is timely.

Plaintiff does not expressly allege an amount in controversy over $75,000. Instead, Plaintiff has alleged actual damages of $37,284.31. Compl. at 9. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendant has not met their burden to show that the amount in controversy requirement is satisfied. To reach the jurisdictional threshold, Defendant includes attorney's fees and civil penalties in their estimations. Not. at 3-5. Defendant asserts that Plaintiff seeks up to two times the base amount of civil penalties. *Id*. at 4-5. Additionally, Defendant asserts that the attorney's fees to date are at least $5,000 and will be at least $10,000 in an additional six months. *Id*. at 5. So, Defendants are claiming the sum total of this all will bring the amount in controversy above $75,000. *Id*. However, the Court will not include speculative civil penalties or attorney's fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus,

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00811-DOC-JDE                                     Date: April 21, 2026
                                                                                                  Page 5

the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

Accordingly, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

## V.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California. All future hearing dates are **VACATED** and removed from calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                               Initials of Deputy Clerk: kdu
CIVIL-GEN